J-S50031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WOODROW JOHN HICKS, JR. :
:
Appellant : No. 325 WDA 2019

Appeal from the Order Dated January 28, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000467-2013

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 13, 2019**

Appellant, Woodrow John Hicks, Jr., purports to appeal from the order

dated January 28, 2019, denying his post-sentence motions and changing his

sex offender registration from lifetime registration to a ten-year registration.

For the following reasons, we hold that the trial court had no jurisdiction to

address Appellant's motions on the merits. Accordingly, we affirm the denial

of relief for Appellant's post-sentence motions, albeit on other grounds, and

we vacate the order shortening the duration of Appellant's sex offender

registration.

On September 24, 2014, a jury convicted Appellant of unlawful contact

with minor – sexual offenses; criminal attempt to commit statutory sexual

_____

[*] Retired Senior Judge assigned to the Superior Court.

assault – 11 years older; corruption of minors – defendant age 18 or above; simple assault; criminal use of communication facility; and fleeing or attempting to elude officer.[1] ***See Commonwealth v. Hicks***, No. 268 WDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed November 12, 2015). On January 5, 2015, the trial court sentenced Appellant to an aggregate judgment of sentence of 16 months to five years of confinement followed by five years of probation. In addition, the trial court designated Appellant a sex offender subject to lifetime registration. No post-sentence motions were filed. Appellant proceeded to direct appeal, and this Court affirmed his judgment of sentence. ***Id.*** at 1. Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on April 20, 2016.

On October 20, 2017, Appellant filed a "Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Habeas Corpus." On September 24, 2018, Appellant submitted a motion to file post-sentence motion, in which he requested that the trial court reinstate his right to file post-sentence motions *nunc pro tunc* "relative to the weight of the evidence issue[.]" Motion to File Post-sentence Motion, 9/24/2018, *ad damnum* clause (unnecessary capitalization omitted). Later that same day, the trial court granted the motion. On October 24, 2018, Appellant filed post-sentence motions challenging the weight of the evidence.

---

[1] 18 Pa.C.S. §§ 6318(a)(1), 901(a) (to commit § 3122.1(b)), 6301(a)(1)(ii), 2701(a)(1), and 7512(a) and 75 Pa.C.S. § 3733(a).

On January 28, 2019, the trial court entered an order, along with an accompanying opinion, denying the post-sentence motions and changing Appellant's sex offender registration from lifetime registration to a ten-year registration. On February 22, 2019, Appellant filed a timely notice of appeal.[2]

Appellant now presents the following issues for our review:

1.     Did the trial court err when it denied [Appellant]'s post sentence motion on the issue of weight of the evidence relative to the charge of unlawful contact with a minor?

2.     Did the trial court err when it denied [Appellant]'s post sentence motion on the issue of weight of the evidence relative to the charge of criminal attempt – statutory sexual assault?

3.     Did the trial court err when it denied [Appellant]'s post sentence motion on the issue of weight of the evidence relative to the charge of corruption of minors?

4.     Did the trial court err when it denied [Appellant]'s post sentence motion on the issue of weight of the evidence relative to the charge of criminal use of communication facility?

5.     Did the trial court err when it made a finding that [Appellant] was required to register under SORNA[3] for a period of ten years, even though the registration requirement causes a presumption dangerous and denies [Appellant] his fundamental right to reputation[?]

---

[2] On March 18, 2019, Appellant filed his statement of errors complained of on appeal. Later that same day, the trial court entered an order stating that the opinion accompanying its order of January 28, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

[3] "Megan's Law IV [is] more commonly known as the Sexual Offender Registration and Notification Act ('SORNA'). SORNA went into effect on December 20, 2012, and provided for the expiration of Megan's Law III at that time." **Commonwealth v. Derhammer**, 173 A.3d 723, 724-25 (Pa. 2017) (footnote omitted).

Appellant's Brief at 6 (suggested answers and unnecessary capitalization omitted).

Preliminarily, "[e]ven where neither party nor the [trial] court have addressed the matter, it is well-settled that we may raise [questions of jurisdiction] *sua sponte*[.]" ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014). We therefore must first determine whether the trial court had jurisdiction to grant reinstatement of Appellant's right to file post-sentence motions *nunc pro tunc* and rule on his 2017 and 2018 motions.

"[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence[,]" Pa.R.Crim.P. 720(A), unless (1) "the appellant files a motion seeking permission to file a post-sentence motion *nunc pro tunc*" and (2) "the trial court expressly grants this request within thirty days of the imposition of sentence." ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 n.3 (Pa. Super. 2007). For the current appeal, Appellant's judgment of sentence was imposed on January 5, 2015. He did not file post-sentence motions within 10 days, and his motion seeking permission to file post-sentence motions *nunc pro tunc* was not filed until September 24, 2018 – more than three years late. Appellant's motion for reinstatement of the right to file post-sentence motions *nunc pro tunc* was thus untimely, and the trial court should not have considered it.

Furthermore, "any petition filed after the judgment of sentence becomes final will be treated as a [Post Conviction Relief Act ("PCRA")[4]] petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007). In the current action, Appellant's judgment of sentence became final on July 19, 2016 – *i.e.*, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 20, 2016. U.S. Sup. Ct. R. 13. Appellant filed his "Motion to Bar the Applicability of Sex Offender Registration" on October 20, 2017, and his motion to file post-sentence motion on September 24, 2018. Accordingly, both motions were filed after Appellant's judgment of sentence became final and, consequently, must be treated as PCRA petitions.

The timeliness of a PCRA petition is jurisdictional. ***Callahan***, 101 A.3d at 121; ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[5]

---

[4] 42 Pa.C.S. §§ 9541–9546.

[5] The three exceptions to the timeliness requirement are:

Appellant had one year after his judgment of sentence became final to file a PCRA petition – *i.e.*, until July 19, 2017. 42 Pa.C.S. § 9545(b)(1). Appellant filed both motions at issue after that date. Therefore, Appellant's motions were patently untimely, and he did not plead a timeliness exception to the requirements of the PCRA in either motion.

The trial court hence did not have jurisdiction to reinstate Appellant's right to file post-sentence motions *nunc pro tunc*; *ergo*, the denial of Appellant's post-sentence motions – which never should have been allowed to be filed in the first place -- was ultimately the correct result. We thus affirm the denial of relief on Appellant's post-sentence motions, albeit on other grounds. **See Commonwealth v. Beatty**, 207 A.3d 957, 964 (Pa. Super. 2019) (citing **Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (appellate court may affirm on any basis as long as ultimate decision

_____

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

is correct)).    The trial court also did not have jurisdiction to consider Appellant's motion to change the length of his sex offender registration; we therefore vacate that portion of the order at issue.[6]

Order affirmed in part and vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/13/2019

_____

[6] We note that the trial court never stated whether it considered the section of Appellant's filing of October 20, 2017, labelled "Petition for Habeas Corpus." Irrespective of whether the trial court considered this "Petition for Habeas Corpus," the result would be the same, as it would properly be considered a PCRA petition, as habeas corpus petitions have been subsumed into the PCRA. 42 Pa.C.S. § 9542 ("The action established in this subchapter [-- *i.e.*, the PCRA --] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus"); **see also Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (PCRA "subsumes the remedies of habeas corpus").